512 P.2d 83

**RUST TRACTOR COMPANY et al., Plaintiffs-Appellants,**

v.

**SOUTHERN UNION GAS COMPANY, Defendant-Appellee.**

**No. 9634.**

Supreme Court of New Mexico.

July 13, 1973.

Frazier, Cusack & Schnedar, Roswell, for plaintiffs-appellants.

Keleher & McLeod, Russell Moore, John S. Campbell, Albuquerque, for defendant-appellee.

OPINION

McMANUS, Chief Justice.

This cause was submitted to the District Court of Otero County, New Mexico, on stipulated facts which show that an employee of the railroad, moving earth with a Caterpillar tractor, negligently ruptured one of Southern Union Gas Company's pipelines. The work was being done to repair damage caused by a train derailment. A resulting fire destroyed the tractor.

In a complaint based on the indemnity provisions of a license agreement between the railroad and Southern Union Gas Company, under which the defendant installed its gas line on the railroad right-of-way, plaintiffs sought indemnification for damage to the tractor on the basis that the damage was, in the words of the agreement:

"* * * caused by the construction, renewal, relocation, use, maintenance, presence or removal of said structure, adjuncts or appurtenances."

The key question before us appears to be: Was the damage to the tractor caused in some way by the gas line? We note that there has been no claim that the pipeline was improperly installed, maintained or located. In addition, there has been no claim that the pipeline would have ruptured without the acts of the railroad's employee.

**324**

The words of the contract are to be given their ordinary and usual meaning. 4 Williston on Contracts, § 618, p. 705 (3rd Ed. 1961); Raulie v. United States, 400 F.2d 487 (C.A.N.M.1968). According to Webster's Third New International Dictionary, "cause" means:

"(a) A person, thing, fact, or condition that brings about an effect or that produces or calls forth a resultant action or state; * * *"

Giving the words of the agreement their ordinary and usual meaning, we must agree with the trial court that the gas line cannot be said to have caused the accident and ensuing damage.

Affirmed.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.